

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/30/2019 11:08 AM
JAMIE SMITH
DISTRICT CLERK
D-204797

No. ~~D20497~~

| | | |
|---|---|---|
| SOUTHEAST TEXAS GOVERNMENT EMPLOYEE BENEFIT POOL | § § § | IN THE DISTRICT COURT OF |
| v. | § § | JEFFERSON COUNTY, TEXAS |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY | § § § | 136th JUDICIAL DISTRICT **TRIAL BY JURY DEMAND** |

## <u>PLAINTIFF'S ORIGINAL PETITION AND</u> <u>REQUEST FOR DISCLOSURES</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Southeast Texas Government Employee Benefit Pool ("SETGEBP"), files this Original Petition against Defendant Connecticut General Life Insurance Company, and would respectfully show the Court as follows:

### I. <u>PARTIES</u>

1.    Plaintiff Southeast Texas Government Employee Benefit Pool is a legal entity as described in Texas Local Government Code §172 and is located in Beaumont, Texas.

2.    Defendant Connecticut General Life Insurance Company is a Connecticut corporation with its principal place of business at 900 Cottage Grove Road A-136, Bloomfield, CT 06152. Defendant does business within Texas and may be served with process via its registered agent, <u>CT Corporation System, 350 North St. Paul Street, Dallas, TX 75201</u>. **Service is requested at this time.**

## II. JURISDICTION

3.      This Court has jurisdiction over this matter because the amount in controversy exceeds its minimum jurisdictional requirements.   Venue is proper under Sections 15.002 and 15.032 of the Texas Rules of Civil Practice and Remedies Code because the Plaintiff resides in Jefferson County, Texas and a substantial part of the events or omissions giving rise to the claims occurred in Jefferson County, Texas. This Court has general and specific personal jurisdiction over Defendant because it conducts business within the state of Texas.

4.      Plaintiff requests the Court order a Level 2 Discovery Control Plan.

5.      Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

6.      Plaintiff requests a trial by jury.

## III. FACTS

7.      Plaintiff is a legal entity created by the Jefferson County Commissioners Court to provide benefits to the employees of Jefferson County, Texas.  By statute, Plaintiff has the authority to contract with an insurer licensed to do business in Texas.  In 2010, Plaintiff entered into a written contract with Defendant to administer the medical and dental plan of Plaintiff that renewed each year until its termination on December 31, 2017.

8.      Because Plaintiff was self-insured, Plaintiff purchased stop-loss coverage from Gerber Life Insurance Company ("the carrier").  Stop-loss coverage, also known as excess insurance, would pay for claims above certain limits.  In this particular matter, the limit was a $300,000 individual deductible.  Once a plan member's claims went over the $300,000 deductible, those claims would be sent to the carrier for reimbursement to

2

Plaintiff. Part of the contract fee Plaintiff paid to Defendant included stop-loss data support. The stop-loss data support provided by Defendant included their monitoring, on a monthly basis, of ongoing paid claim activity and, after a covered plan participant exceeded the "pooling point", Defendant would report the information to the carrier in order for Plaintiff to be reimbursed under the stop-loss policy. Defendant knew of the industry practice and deadlines for filing with the carrier.

9.      In 2017, Defendant breached their duty to Plaintiff regarding two plan participants. In regards to Participant #1, Defendant failed to timely pay Participant #1's claims which resulted in a denial from Plaintiff's stop-loss carrier. Specifically, Participant #1's total claims were $880,249, minus the deductible of $300,000, the stop-loss carrier should have reimbursed Plaintiff $580,249. However, Defendant failed to timely pay the claims. In addition, Defendant failed to follow their own stop-loss data support procedures. Defendant refused to provide information to the stop-loss carrier as to why the claims were pending or denied by the deadline. As such, the stop-loss carrier only reimbursed Plaintiff $79,028.21 leaving a balance of $501,220.79 that should be reimbursed to Plaintiff due to Defendant's breach of contract.

10.     Also in 2017, Defendant breached their duty to Plaintiff in regards to plan Participant #2. Participant #2 was a dependent on another member's medical plan and later during the same year became a member under the plan. Participant #2 had claims while enrolled as both a dependent and as a member of the plan. This gave Participate #2 two separate member identification numbers by Defendant. As a dependent, Participant #2's claims amounted to $157,663. As a member, Participant #2's claims amounted to $354,878 for a total of all claims of $512,541. Defendant failed to provide the claims for Participant

3

#2, while as a dependent, to the carrier by the deadline and, consequently, the carrier denied the reimbursement based on Defendant missing the deadline. After the $300,000 deductible and the $54,892.52 paid by the stop-loss carrier on Participant #2's claims as a member, the amount still owed to Plaintiff is $157,648.48.

11.     Defendant's failure to adhere to their contract obligations resulted in $658,869.27 worth of claims not being reimbursed to Plaintiff from the carrier.

## IV. CLAIMS AGAINST DEFENDANT

### .A.     BREACH OF CONTRACT

12.     Plaintiff incorporates the above facts by reference herein.

13.     Plaintiff contracted with Defendant to administer the stop-loss claims and paid Defendant for this service. Defendant breached its contractual obligations by failing to provide the stop-loss carrier the necessary information as well as failing to provide the information by the stop-loss carrier's deadline.

14.     Because of Defendant's failure to comply with its contractual obligations, Defendant caused Plaintiff to incur $658,869.27 in damages that are a direct result of Defendant's breach of contract.

15.     Each of the acts and omissions alleged in this petition have proximately caused damages to Plaintiff.

16.     Pursuant to the Texas Civil Practice and Remedies Code, Plaintiff is entitled to their attorney's fees in the prosecution of this matter.

### B.     VIOLATIONS OF TEXAS INSURANCE CODE

17.     Plaintiff incorporates the above facts by reference herein.

4

18. Defendant violated Texas Insurance Code Chapter 541.060 by failing to give Plaintiff a reasonable explanation, based on the contract as it relates to the facts or applicable law, for Defendant's denial of the claim or for the offer of a compromise settlement of a claim.

14. Defendant further violated Texas Insurance Code Chapter 541.060 by failing to bring about a prompt, fair, and equitable settlement of a claim once Defendant's liability became reasonably clear.

15. Defendant violated Texas Insurance Code Chapter 542 for unfair settlement practices as Defendant ignored communications from Plaintiff in efforts to resolve this matter.

16 Each of the acts and omissions alleged in this petition have proximately caused damages to Plaintiff.

17 Pursuant to Chapters 541 and 542, Plaintiff is entitled to their attorney's fees in the prosecution of this matter.

## V. CONDITIONS PRECEDENT

18. All conditions precedent have been performed or have occurred prior to filing suit.

## VI. REQUEST FOR DISCLOSURES

19. Plaintiff hereby propounds Request for Disclosures to Defendant per Rule 194.2 (a)-(l) of the Texas Rules of Civil Procedure. Defendant's answers to this Request are due no later than the 50th day of the service of this request.

## VII. <u>PRAYER</u>

29.     Wherefore, premises considered, Plaintiff prays that Defendant should be cited appear and answer, and on final trial, Plaintiff should have Judgment against Defendant as follows:

(a)     Judgment against Defendant in the principal amount of $658,869.27, together with interest thereon, both prejudgment and post judgment, at the highest legal rate until paid;

(b)     Judgment against Defendant for Plaintiff's reasonable and necessary attorney's fees incurred in this case, together with conditional awards for the performance of additional services as may be incurred by Plaintiff post-judgment;

(c)     Judgment against Defendant for Plaintiff's costs of court, filing fees, service fees, discovery costs [including costs of depositions], mediation or arbitration costs and costs of collection;

(d)     Judgment against Defendant upon a finding by the trier of fact that Defendant knowingly committed the acts complained of, which entitles Plaintiff to recover three times the amount of actual damages under Texas Insurance Code Chapter 541.152;

(e)     Judgment against Defendant awarding Plaintiff general relief; and

(f)     Judgment awarding Plaintiff such other and further relief to which Plaintiff may show itself justly entitled to receive.

Respectfully submitted,

By: /s/ *Kathleen M. Kennedy*

6

Kathleen M. Kennedy
Jefferson County Criminal District
Attorney's Office
Chief Civil Attorney
1085 Pearl St., Suite 301
Beaumont, Texas  77701
kkennedy@co.jefferson.tx.us
(409) 835-8550
(409) 784-5893 FAX
Texas Bar# 00798314

ATTORNEY FOR PLAINTIFF
SOUTHEAST TEXAS GOVERNMENT
EMPLOYEE BENEFIT POOL